IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

JASPER SIMPSON,                    )          C/A No. 4:06-1782-TLW-TER
                                   )
              Petitioner,          )
                                   )
      vs.                          )
                                   )          REPORT AND RECOMMENDATION
STAN BURTT, WARDEN,                )
LIEBER CORRECTIONAL INSTITUTION,)
                                   )
              Respondent.          )
_____ )


       Petitioner, Jasper Simpson, ("petitioner/Simpson"), is an inmate in the custody of the South

Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on June 14, 2006.  Respondent filed a motion

for summary judgment on April 2, 2007, along with supporting memorandum. The undersigned

issued an order filed April 11, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

advising petitioner of the motion for summary judgment procedure and the possible consequences

if he failed to respond adequately. Petitioner filed a response in opposition of respondent's motion

for summary judgment on May 22, 2007.

---

[1] This habeas corpus case was automatically referred to the undersigned United States
Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02,
DSC.  Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

# I.  PROCEDURAL HISTORY

The procedural history as set out by the respondent has not been seriously disputed by the petitioner. Therefore, the undisputed procedural history as stated by the respondent is set forth herein.

Petitioner is presently confined to the Lieber Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Orangeburg County. Petitioner was indicted at the October 2001 term of the Court of General Sessions for Orangeburg County for assault and battery with intent to kill ("ABIK"), armed robbery, and kidnapping (01-GS-38-1096, -1097, & -1098). {PCR App. 245-48}.

Petitioner was represented at the trial level by Gerald Davis, Esquire. From October 28 to 29, 2002, petitioner was tried on the charges before the Honorable Edward B. Cottingham and a jury. On October 29, 2002, the jury convicted petitioner of ABIK and armed robbery but acquitted him of kidnapping. {PCR App. 231}. Judge Cottingham sentenced petitioner to twenty (20) years for ABIK, and a consecutive ten (10) years for armed robbery. {PCR App. 237-38}.

A timely notice of appeal was filed from the convictions and sentences. Wanda H. Haile, of the South Carolina Office of Appellate Defense, was appointed to represent petitioner during the direct appeal. On July 15, 2003, Haile filed with the South Carolina Court of Appeals a "no merit" Anders Final Brief of Appellant, in which she raised the following issues on behalf of petitioner:

> The lower court erred in allowing the state to exercise three peremptory challenges in a discriminatory manner.

Petitioner filed a *pro se* Brief dated August 19, 2003, in which he raised the following issues:

> The Petitioner contends that trial court abused its discretion when it denied counsel motion for a directed verdict on all the charges. (Sic).

On April 9, 2004, the South Carolina Court of Appeals issued an opinion affirming the convictions and sentences. State v. Simpson, Unpub. Op. No. 2004-UP-117 (S.C. Ct. App. 2004). Petitioner filed on April 14, 2004, a *pro se* Petition for Rehearing, in which he asserted the following claims:

> The Petitioner contends that the court is called upon to address constitutionality of South Carolina Code Ann. Sec. 17- 19-20 ... as it relates to application of *State v. Dickmon* ... See also, *State v. Candry* ... Therewith it is my contention that review of constitutionality of statute is warranted whereas herein disposition of case depends upon it. ...

The South Carolina Court of Appeals denied the Petition for Rehearing by Order dated May 20, 2004. The Remittitur was sent down on June 28, 2004.

Petitioner next filed a *pro se* Application for Post-Conviction Relief ("APCR") on February 2, 2004 (04-CP-42-0136). In the APCR, petitioner raised the following grounds:

> 1.    Subject matter jurisdiction. The applicant waived presentment by way of sentencing sheets.
> 2.    Newly discovered evidence. The Paice convictions were used to enhance my sentence.

Petitioner also filed a *pro se* Amended Application on July 9, 2004, in which he raised the following issues:

> 1.    Ineffective assistance of counsel - fail to object - investigate - consult
> 2.    Prosecutorial misconduct
> 3.    Violation of constitutional rights

The State filed a Return dated October 13, 2004.

An evidentiary hearing in the matter was held before the Honorable Diane S. Goodstein on April 28, 2005. Petitioner was present and represented by appointed counsel Jeff Holcombe.

3

Petitioner and trial counsel testified at the hearing. On July 7, 2005, Judge Goodstein signed an Order of Dismissal with Prejudice in which she rejected petitioner's claims for relief.

On May 3, 2006, petitioner wrote a letter to state Supreme Court Chief Justice Jean Toal in which he complained that his PCR action had not been finally concluded despite the passage of time. Petitioner also stated that he had filed a "Writ of Mandamus" and "Supplement Brief," but the PCR court had not acted on these matters. [2] The Chief Deputy Clerk of the South Carolina Supreme Court then wrote Assistant Attorney General Paula Magargle of this Office on May 11, 2006, inquiring as to the status of the action. On May 17, 2006, Magargle responded that Judge Goodstein had signed a final Order in the matter on July 7, 2005, and that petitioner's counsel had been notified by letter dated July 20, 2005. Accordingly, on June 7, 2006, the South Carolina Supreme Court issued an Order in which it dismissed petitioner's letter "pursuant to Key v. Currie, 305 S.C. 115, 406 S.E.2d 356 (1991), because no extraordinary reason exists to entertain [it] in [the state supreme court's] original jurisdiction."

---

[2] On page 2 of his habeas Petition, petitioner claims that because he supposedly never received notification of Judge Goodstein's Order dismissing the PCR, he attempted to file with the Orangeburg Clerk of Court a *pro se* "Supplement Petition" on November 8, 2005, as well as a "Motion for Reconsideration." Respondent asserts that petitioner claims he mailed the latter document to the Attorney General's office. However, the Attorney General's office for the State of South Carolina asserts in the respondent's brief that they reviewed the files in possession of their Office, and upon information and belief their Office does not have copies of these documents in its files.

Petitioner attaches to his Petition an unclocked handwritten document entitled "Petition for Review Supplement," and an unclocked handwritten document entitled "Supplement Pursuant to Rule 59(e)", both dated in January 2006.

Petitioner did not perfect a PCR appeal from Judge Goodstein's Order of Dismissal. Respondent asserts that he has been advised by the clerk's office of the South Carolina Supreme Court that it has no record of a PCR appeal filed by petitioner.

## II. PETITIONER'S GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, petitioner raises the following grounds:

**A. GROUND ONE:**    Was the plaintiff's 5th, 6th, 14th Amendment rights of the U.S. Constitution and his rights of due process violated by the defect in the indictment for the charge of assault with intent to kill's failure to allege an exact time as time is recognized by law?

**B. GROUND TWO:**    Was the plaintiff's 5th, 6th, 14th Amendment rights of the U.S. Constitution and his rights of due process violated by the defect in the indictment's failure to allege the "state" where the crime(s) took place in the body of the charging instrument?

**C. GROUND THREE:**    Was the plaintiff's 5th, 6th, 14th Amendment rights of the U.S. Constitution violated as well as his rights of due process in or by indicting the plaintiff and or at his hearing when there as a "procedural defect" in the establishing of the indictment by the prosecution going beyond the time period allowed to take action of warrant(s)?

**D. GROUND FOUR**:    Was the plaintiff's 5th, 6th, and 14th Amendment rights of the U.S. Constitution and his rights of due process violated by there being a "procedural defect" and due process violation in establishing of the indictments by not being filed with the Clerk of Court?

**E. GROUND FIVE:**    Was the plaintiff's 6th and 14th Amendment rights of the U.S. Constitution and his rights of due process violated by the "procedural defect" where the prosecution failed to follow the Rules of Criminal Procedure in admitting into evidence the various statements and testimony by various witnesses at the plaintiff's trial?

5

**F. GROUND SIX**:       Did the trial court err in not granting the plaintiff's motion for a direct verdict in violation of the plaintiff's 6th Amendment right to a fair and impartial trial and his 14th Amendment rights of due process?

**G. GROUND SEVEN:**     Did the indictment(s) of South Carolina as constructed possess a constitutional structural error and or defect, which by their language and or charge contained therein, create and or form conclusive presumption(s), that took away the defendant's presumption of innocence and automatically shift the burden or persuasion to the defendant in regard to the crucial elements of dispute in violation of the plaintiff's 5th, 6th, 14th Amendment rights of the U.S. Constitution, also of Article IV 2, and the law of due process?

**H. GROUND EIGHT:**     Did the Gentry Court abuse their discretionary power and was the trial court deprived of the right to invoke and or enact it's subject matter jurisdictional powers due to the indictments, defects and or errors, and or due to the indictment(s) failure to fully apprise the plaintiff of what he is called upon to meet in violation of the plaintiff's 5th, 6th, 14th Amendment rights of the U.S. Constitution and the law of due process?

**I. GROUND NINE:**      Did the trial court lack subject matter jurisdiction due to the indictments defects argued that the plaintiff submitted the document(s)?

**J. GROUND TEN:**       Was the plaintiff's due process rights violated and or did the trial court lack subject matter jurisdiction and or was prohibited from enacting it's powers of subject matter jurisdiction due to the "procedural defect" in that there was no order of continuance issued to continue the cause before the court?

**K. GROUND ELEVEN:**    Was the plaintiff's due process rights violated, as well as Rules of Court and or Criminal Procedure by the "procedural defect" of the prosecuting agents acting as sole witnesses on the warrant(s) and indictment(s)?

(Petition).

6

### III.  SUMMARY JUDGMENT

On April 2, 2007, the respondent filed a return and memorandum of law in support of his motion for summary judgment. Petitioner responded to the motion for summary judgment.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material

fact." In the <u>Celotex</u> case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. <u>Celotex</u>, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Simpson filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. <u>Lindh v. Murphy</u>, 117 S. Ct. 2059 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir. 1998); <u>Green v. French</u>, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See <u>O'Brien v. DuBois</u>, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

## V. DISCUSSION AS TO PROCEDURAL BAR

### A. Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(I) there is either an absence of available State corrective process; or

9

(ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2)    An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)    A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann. §17-27-10 et seq. A PCR applicant is also required to state all of his grounds for

10

relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

Respondent asserts that he "[s]ees no exhaustion issue." (Memorandum p. 5).


## 2.Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings,

11

if a state has procedural rules which bar its courts from considering claims not raised in a timely

fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal

from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a

second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file

a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in

state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in

the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state

procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, supra, quoting Wainwright v. Syke s, 433 U.S. at 84 (1977); see also Engle v.

Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the

claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be

ignored and the federal court may consider the claim. Where a petitioner has failed to comply with

state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

### 3.  Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  A federal court is barred from considering the  filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### 4.  Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

13

Absent a showing of "cause," the court is not required to consider "actual prejudice." <u>Turner v. Jabe</u>, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. <u>Murray v. Carrier</u>, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. <u>United States v. Frady</u>, 456 U.S. 152 (1982).

In the case of <u>Kornahrens v. Evatt</u>, 66 F.3d 1350 (4th Cir. 1995), <u>cert. denied</u> 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. <u>See</u> <u>Karsten v. Kaiser Foundation Health Plan</u>, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI.  ANALYSIS

Respondent argues all eleven issues are procedurally barred. As to Grounds one, two, three, four, five, six, seven, eight, ten, and eleven, respondent argues that these issues are freestanding claims that would have to have been asserted at the plea or trial and then raised to the state supreme court on direct review which was not done in this case. Respondent further asserts that even if petitioner had attempted to assert these issues at PCR, it would not have been cognizable absent a claim of ineffective assistance of counsel. Respondent argues that petitioner did not assert the same claim for ineffective assistance of counsel at PCR as presented in his habeas petition. Additionally,

14

respondent argues that even if the issue was cognizable in PCR, the issue was not asserted to and ruled upon by the PCR trial court and, thus, could not be fairly presented in a belated PCR appeal even if petitioner was granted one. Respondent also argues that ground nine is procedurally barred in that it involves purely a state court's determination of its own jurisdiction based solely on state laws. Thus, respondent contends that the above issues were not raised at trial or in the direct appeal and would be procedurally barred from habeas relief.

The respondent's argument of procedural bar will not be addressed as to grounds three, four, seven, nine, and ten because, even if these grounds were or were not procedurally barred, they should be dismissed as these issues pertain to the state court's jurisdiction. Claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.1998). Therefore, the undersigned recommends that these issues be dismissed.

In addition, petitioner asserts in grounds one and two that the indictments were defective. In ground one, petitioner alleges that the indictment was defective because it did not state the exact time of the alleged crime. Petitioner asserts that the indictment "alleges that the crime occurred on or about March 10, 2001. Could they possibly mean March 9th, 8th, 5th, 1st, 12th, 14th, 16th, 20th, or 30th. All these dates are :on or about March 10, 2001. It is the applicant's position that this is not an exact time of the assault alleged to have taken place." (Petition, supplement, p. 54).In ground two, petitioner asserts that the indictment was defective in that it did not show jurisdiction because the indictment alleges the crime(s) took place in Orangeburg County, but it did not assert State of South Carolina. Petitioner argues there are "several Orangeburg Counties in the United States." (Petition, supplement, p. 58).

The petitioner raises grounds one and two regarding allegedly defective indictments as due process claims.  Respondent  contends grounds one and two are procedurally defaulted as they were not presented to the state courts.  The undersigned agrees. Furthermore, assuming *arguendo*, that petitioner could make a showing to bypass or overcome any procedural default, the court still finds this claim must be dismissed because he could not show prejudice.  Even construing the petition liberally, as the court is required to do in complaints filed by *pro se* litigants, and finding that petitioner raises federal due process claims in grounds one and two, the issues would be dismissed because they are not cognizable in federal habeas action.

Deficiencies in state court indictments "are not ordinarily a basis for federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985).  Petitioner has not shown any deficiency in his indictment based on theses issues which made his trial so egregiously unfair as to amount to a deprivation of any federal right. Id.

Additionally, claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.1998).

In any event, as to ground one,  the South Carolina Supreme Court held in State v. Pierce, 207 S.E.2d 414, the exact date of the offense need not be set forth in the indictment unless time is an essential element of the offense or is made a part of the description of it.  As to ground two, in State v. Adams, 283 S.E.2d 582 (S.C. 1981)(overturned on other grounds), the South Carolina Supreme Court held that the indictment sufficiency test must be viewed with "a practical eye" and "an indictment is adequate if the offense is stated with sufficient certainty and particularity to enable

the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and acquittal or conviction to be placed in bar to any subsequent conviction."  The indictments below were sufficient.  Accordingly, these claims should be dismissed.

In Ground five, petitioner alleges a due process violation by the prosecutor failing to follow the Rules of Criminal Procedure and state statutes in admitting into evidence various witness statements.

As this issue was not raised at trial or on direct appeal, it would be procedurally barred. However, even if it was not procedurally barred, claims arising from state law are not cognizable. Estelle , Id. A federal court may review a claim that state courts interpreted a state statute in a way that denied the petitioner the right to fair notice of the statute's requirements. See Thomas v. Davis, 192 F.3d 445, 449 n.1 (4th Cir. 1999). Review is not available, however, for claims that a state court's decision was so distant from precedent or from statutory requirements as to violate due process. Ramdass v. Angelone, 187 F.3d 396, 408, 409 (4th Cir. 1999), aff'd, 530 U.S. 156 (2000). Therefore, it is recommended that respondent's motion for summary judgment be granted as to ground five.

In Ground six, petitioner asserts that the trial court erred in failing to grant a directed verdict. Specifically, petitioner contends that the testimony of the witnesses was inadmissible because they were supposedly not given copies of their statements to the police.

Respondent argues that this issue is procedurally barred in that petitioner did not make the argument that the statements should have been suppressed based on statues regarding copies of statements. Thus, respondent contends this is a free standing claim that was not properly presented for review and was not presented to the state supreme court on direct appeal.

17

In the pro se brief on direct appeal, petitioner argued that the "trial court abused its discretion when it denied counsel motion for a directed verdict on all the charges." (Direct appeal, pro se brief). A review of petitioner's pro se brief reveals that he argued that it was error for the trial court to deny the motion for directed verdict based on insufficiency of the evidence.

To avoid a procedural default, an issue must be presented directly and squarely to the South Carolina Supreme Court on certiorari review. See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir.1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default [of a claim], the 'substance' of [the] claim must have been 'fairly presented' in state court.... That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir.1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994)).

In this case,  the substance of the issue of directed verdict was presented and argued before the South Carolina Supreme Court. The motion for direct verdict at trial was centered on state law. A party cannot argue one theory at trial and present another theory on appeal. See State v. Bailey, 377 S.E.2d 581, 584 (S.C.1989); see also State v. Sullivan, 282 S.E.2d 838 (S.C.1981)[to be preserved for appellate review, an issue must be presented to and passed upon by the trial judge]. A review of the trial record shows that trial counsel's directed verdict motion relied on the elements of the crime as set forth in the statute, and there is no indication that this issue was ever presented to the trial judge as a due process violation. (Trial tr. 190-191). Therefore, the issue as presented now by petitioner in this Petition would appear to be barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C.1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at * *1 (4th Cir. Oct. 16, 1998);

18

Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C.1991)[postconviction relief]; and as there is no current state remedy for petitioner to pursue this claim, it is fully exhausted for purposes of this Court's review. Coleman v. Thompson, 501 U.S. 722, 735, n. 1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir.1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], *cert. denied,* 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court ... the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state ... or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court.], *cert. denied*, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at * *1

Since this issue was not raised as a due process violation at trial or on appeal, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir.1989), *cert. denied*, 492 U.S. 936 (1989). In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, to the extent that this claim is based upon a due process violation, it is procedurally barred from

consideration by this Court and should be dismissed. Id.; see 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), cert. denied, 519 U.S. 1016 (1996) [In order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995).

Furthermore, even if petitioner had presented this claim to the state courts on appeal, it would still be subject to dismissal. Since petitioner's claim is based on a violation of state law, it goes to the sufficiency of the evidence. Such a claim is cognizable on collateral review, however, a federal court's review of such claims is "sharply limited." Wilson v. Greene, 155 F.3d 396, 405 (4th Cir.1998), cert. denied, 525 U.S. 1012 (1998)(quoting Wright v. West, 505 U.S. 277, 296 (1992)); see also Evans-Smith v. Taylor, 19 F.3d 899, 905 (4th Cir.1994)["The standard is obviously rigorous."] "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." Wilson, 155 F.3d at 405-406 (citing Wright, 505 U.S. at 292). When reviewing such a claim, a federal court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from the facts proven to the facts sought to be established; United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982); and when faced with all

20

the evidence that allows conflicting inferences, this Court must presume that the jury resolved such conflicts in the state's favor. <u>Jackson v. Virginia</u>, 443 U.S. 307, 326 (1979). Therefore, petitioner is entitled to relief only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." <u>Wilson</u>, 155 F.3d at 406 (*quoting* <u>Jackson</u>, 443 U.S. at 324)); *see also* <u>George v. Angelone</u>, 100 F.3d 353, 357 (4th Cir.1996); <u>Bradley v. State</u>, No. 04-1278, 2005 WL 3475770 at *6 (D.S.C. Apr. 5, 2005).

Based on a review of the evidence presented at trial along with the testimony from two witnesses, there was evidence presented from which the jury could have found that plaintiff shot the victim and committed armed robbery. The victim Lakeith Islar ("victim") testified that he got into the back seat of a car with Tony Simpson, aka, Mo Love (trial tr. 112), and there was a driver and a front passenger.  The victim testified that the front passenger in the car turned around and shot him in the leg and said "give it up." (Trial tr. 78). Victim testified that the driver of the car stopped the car and pulled him out of the "back door, took me to the back, shoved me on the ground, and just started shooting at me. And I was swerving for a minute, and then I just stopped. And he stopped shooting and got in the car. I laid on the ground until I seen the car got out of sight, and I got up." (Trial tr. 80).  The victim testified that the driver was the only one that got of out of the car when it stopped. The victim further testified that "I got hit in, while I was on the ground I got hit in my shoulder, one grazed my head, and four inches from my spine, my back."  (Trial tr. 81). Tony Simpson testified at trial that he and the victim got into the car with petitioner who was driving and Cory Galloway who was in the first passenger seat. Tony Simpson testified that Cory Galloway turned around and shot the victim demanding money. Tony Simpson testified that subsequently, petitioner, who was driving the car, pulled over, got the victim out of the car, and then he heard

several shots. Tony Simpson testified that petitioner got back into the car and they drove off leaving the victim behind. Defense counsel also had a statement that Tony Simpson had given to the police to the same effect. Defense counsel also introduced a statement given to the police by Cory Galloway asserting that petitioner had gotten out of the car with the victim and then he heard several shots.[3]

Additionally, the court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3 Fd 396, 407 (4th Cir. 1998). Therefore, this claim is without merit and it is recommended that the motion for summary judgment by respondent be granted with respect to this issue.

In Ground eight, petitioner appears to contend that the South Carolina Supreme Court erred in its decision in State v. Gentry,  by ruling that alleged deficiencies and irregularities in an indictment are not issues of subject matter jurisdiction. As this is a matter of state law and state law jurisdiction, it is not cognizable in federal habeas corpus. Claims arising from state law are not cognizable as a state court's decision on a question of state law is binding in federal court. See Estelle, supra; Ramdass, supra; and Wright, supra. As previously discussed, review is not available for claims that a state court's decision was so distant from precedent or from statutory requirements as to violate due process. Ramdass, supra.  Thus, it is recommended that respondent's motion for summary judgment be granted with respect to ground eight.

In Ground eleven, petitioner argues that his due process rights were violated because the prosecution agents were the sole witnesses on the warrants and the indictments. Thus, petitioner is arguing that the warrants and indictments were defective. This issue was not raised on direct appeal

---

[3] Galloway attempted to testify in court that this was not his statement but that the officer had just written up the statement and had him sign it.

or at PCR. Additionally, it appears petitioner is attempting to once again argue the court did not have jurisdiction based on defects in the warrants and indictments and jurisdiction is a non-cognizable state law issue. See Wright , supra. Furthermore, petitioner is attempting to assert these claims as a violation of due process when they are a matter of state law. Even if presented on direct appeal, these are issues of state law and would be denied for habeas corpus review because they involve a question of state law. See Estelle , supra. (4th Cir. 1999). Therefore, it is recommended that respondent's motion for summary judgment be granted as to ground eleven.

——————

## VII.  CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that respondent's motion for summary judgment (document #15) be GRANTED.

Respectfully Submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 5, 2008
Florence, South Carolina


**The parties' attention is directed to the important notice on the next page.**

23